UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CORETTA KING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JACE MANDE, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:15-cv-02055-APG-CWH <br><br> **ORDER AND REPORT AND RECOMMENDATION** |

This matter was referred to this Court on Plaintiff Coretta King's ("plaintiff") Application for Leave to Proceed In Forma Pauperis (doc. # 1), filed October 23, 2015.

**BACKGROUND**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that, in December 2010, she started working with Defendant Jace Mande ("Mande"), a proprietor of Defendant Casino Job Center ("Job Center"), who contracted with Defendant Riviera Casino and Hotel ("Riviera") to have plaintiff work at the casino as a "sexy dealer" for table games. Doc. # 1-2 at 2. During this time, plaintiff alleges that an individual named "Jordan" would "say thing[s]" of a "sexual" nature to her and other female dealers, and hit "their butts" with "paper pads." Id. In March 2013, plaintiff alleges that Jordan walked behind her and placed a metal rod between her legs, which led plaintiff to report the incident to her team leader, Lisa Wagner ("Wagner"). Upon hearing of the incident, however, plaintiff alleges that Wagner frowned, told plaintiff they were going to lose their jobs, then reported the incident to the Job Center, after which the female dealers either lost their jobs or were reassigned to other casinos. Plaintiff alleges that the Riviera terminated its

1  operations since that time, and she has been looking for legal representation since June 2013.

## DISCUSSION

**1.    Application to Proceed In Forma Pauperis (Doc. # 1)**

Plaintiff has submitted the affidavits required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  As such, plaintiff's request to proceed in forma pauperis is granted.

**2.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court additionally screens a complaint pursuant to 28 U.S.C. § 1915(e).  Federal courts have authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(e), a plaintiff is generally given leave to amend, with instructions as to curing the complaint's deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, plaintiff brings the instant case pursuant to Title VII of the Civil Rights Act of 1964.[1]  However, the Court is unsure of plaintiff's cause(s) of action under Title VII because plaintiff fails to cite any authority or to state any legal theory of her case.  See Doc. # 1-2 at 2.  Nevertheless, even if these deficiencies were corrected or excused, plaintiff's case would still fail.

A person seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice or, if the person is in a "deferral" state, with a state or local administrative agency within 300 days of the alleged unlawful employment practice.  See 42 U.S.C. § 2000e-5(e)(1); Surrell v. California Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(d)(1)).  Nevada is a deferral state by virtue of its establishment of the Nevada Equal Rights Commission ("NERC").  See Roberts v. Nevada ex. rel. Dep't of Conservation & Nat. Res., Div. of State Parks, No. 3:05-CV-00459-RAM, 2008 WL 3925084, at *4 (D. Nev. Aug.

---

[1] This Court surmises that plaintiff brings her claims under Title VII because plaintiff attaches the Equal Employment Opportunity Commission's ("EEOC") written communication citing Title VII as relevant authority. See Doc. # 1-2 at 4.

2008). NERC has a work-sharing agreement with the EEOC, which renders any charges constructively and concurrently filed with the NERC and EEOC. Id. Despite this work-sharing agreement, however, a plaintiff is not entitled to 300 days unless she files her complaint with the NERC. See Gross v. Hous. Auth. of the City of Las Vegas, No. 2:11-CV-1602 JCM-CWH, 2014 WL 7014466, at *6, 7 (D. Nev. Dec. 11, 2014). Absent any such filing, a plaintiff must file her charges with the EEOC within 180 days of the alleged harm. Id. at *6.

Plaintiff does not indicate in her application that she filed her administrative complaint with the NERC. Plaintiff therefore had to file her complaint with the EEOC within 180 days of the March 2013 incident. Because plaintiff failed to comply with the 180-day filing period, and the 300-day filing period is inapplicable in this case, the Court finds that plaintiff's claims are time barred. See Doc. # 1-2 at 2 (plaintiff admits that she knew nothing about the EEOC until the day before she filed her untimely charges with the EEOC); see also Doc. # 1-2 at 3 (EEOC's dismissal form and notice of rights establishes plaintiff's charges were not timely filed).

In light of the foregoing, plaintiff's complaint is dismissed.

## CONCLUSION, ORDER, AND RECOMMENDATION

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Application for Leave to Proceed In Forma Pauperis (doc. # 1) is **granted**. The order granting leave to proceed in forma pauperis does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file plaintiff's complaint (doc. # 1-1) on the record.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **dismissed without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff shall have **thirty (30) days** to file an amended complaint to the extent plaintiff can assert facts that address the defects of the complaint. Failure to file a timely amended complaint will result in a recommendation that this case be dismissed.

**IT IS FURTHER RECOMMENDED** that if plaintiff chooses to file an amended complaint, the amended complaint shall be complete in and of itself without reference to the previous complaint, as required by Civil Local Rule 15-1. Plaintiff shall also title the amended complaint with the words,

1  "FIRST AMENDED COMPLAINT," on page one in the caption.

2  DATED: April 25, 2016

_____
C.W. Hoffman, Jr.
United States Magistrate Judge